{¶ 35} I concur with the majority except that before remanding the case for resentencing I would vacate the consecutive sentences. The court has on the record already made a finding that defendant has "a less likely recidivism". That finding is written in stone. The statute governing consecutive sentences requires a finding that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offenderposes to the public * * *." R.C. 2929.14(E)(4).
 {¶ 36} The state conceded in its brief that the court noted on the record "that recidivism was less likely." Such a finding by the court logically precludes a finding that "consecutive sentences are not disproportionate * * * to the danger the offender poses to the public." I see nothing in the record that would overcome the court's prior finding on recidivism. Thus I would remand for purposes of resentencing solely on the question of a maximum sentence.